COMMONWEALTH *v.* W. P. DUNIVANT.

[Abstract Kentucky Law Reporter, Vol. 3—694.]

**Criminal Law—Indictment.**

>    In a prosecution for obstructing a public highway, it is not necessary to describe the particular part of the highway obstructed, but it is sufficient for the indictment to designate it by name and to specify the character of obstruction, etc.

APPEAL FROM BALLARD CIRCUIT COURT.

March 25, 1882.

OPINION BY JUDGE HINES:

A demurrer was sustained to the indictment in this case, and the commonwealth questions the correctness of that ruling. The indictment alleges the obstruction of a public highway, designating it by name, and specifies the character of obstruction and

the length of time continued. The ground upon which the demurrer was sustained seems to be (and in fact is defined in the judgment) that it does not designate the section or part of the highway obstructed. This we think was unnecessary. The object of making an indictment specific in detail is to afford the accused an opportunity to defend himself in the particular prosecution and to shield himself against a future prosecution for the same offense. Both these ends are substantially attainable under this indictment, and to require more would be to defeat the ends of justice by a technical closeness of construction.

Judgment *reversed* and cause remanded.

*Chas. H. Thomas, P. W. Hardin, for appellant.*